**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Anand Kumar Chavakula,

Plaintiff,

v.

Christian Heritage Broadcasting, Inc. and Praise Broadcasting, Inc.,

Defendants.

Civil No. 26-cv-3001 (ECT/DJF)

**ORDER**

---

This matter is before the Court on Plaintiff Anand Kumar Chavakula's Application to Proceed *In Forma Pauperis* (ECF No. 2) ("IFP Application") and Motion for Court-Authorized Alternative Service on Defendant DEWI11 a/k/a Pria.idaman Pursuant to Fed. R. Civ. P. 4(f)(3) (ECF No. 28) ("Service Motion"). For the following reasons, the Court denies the IFP Application, strikes Mr. Chavakula's Amended Complaint (ECF No. 12), and denies the Service Motion as moot. The Court also cautions Mr. Chavakula about his use of artificial intelligence ("AI").

Mr. Chavakula commenced this action on June 17, 2026 by submitting various filings, including the original Complaint (ECF No. 1) and the IFP Application. (*See* Docket.) The Complaint alleges that Defendants Christian Heritage Broadcasting, Inc. ("CHBI") and Praise Broadcasting, Inc. ("PBI") breached a March 2025 settlement agreement related to a previous action by continuing to use "PraiseLive" (Mr. Chavakula's registered trademark). The Complaint further asserts that praiselive.org redirects visitors to an Indonesian online gambling platform called DEWI11. (*See* ECF No. 1 ¶¶ 1, 7–14, 18.) Mr. Chavakula filed the Amended Complaint a week later, adding DEWI11 as a Defendant and asserting new claims, including cybersquatting, conspiracy, and racketeering. (*See* ECF No. 12 at 2–3, 10–13.)

In this action's first three weeks, Mr. Chavakula's filings filled about 30 docket entries and (with exhibits) exceeded 500 pages. (*See generally* Docket.) The filings included three motions for a temporary restraining order. (*See* ECF Nos. 7, 13, 21.) Chief U.S. District Judge Eric C. Tostrud denied the first two motions as superseded and explained that briefing would follow service of process. (*See* ECF Nos. 10, 18, 31.) The third motion remains pending.

The docket raises many issues. The Court starts with the IFP Application. "The central question [when assessing an application to proceed *in forma pauperis* ('IFP')] is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Just.*, No. 95-10615, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948)); *see also, e.g.*, *Lukobi-Johnson v. Pester*, No. 26-cv-1801 (DWF/DJF), 2026 WL 1083794, at *1 (D. Minn. Apr. 17, 2026) (quoting *Ayers*). "The opportunity to proceed [IFP] is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citing *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987)).

Mr. Chavakula's IFP Application indicates that is unemployed. He reports $8,000 in retirement income over the previous 12 months (against $8,050 in monthly expenses)[1], and he says he is "borrowing to pay [his] bills and the mortgage is delinquent." (ECF No. 2 at 2, 4.) But he also reports having $2,000 in cash, $2,950 in bank accounts, and $65,000 in a brokerage account. (*See id.* at 3.) The cash and bank balances alone are several times this action's $405.00 filing fee.

[1] At $8,000 per month, Mr. Chavakula has an annual income of $96,000 per year. His IFP application identifies no dependents. (*See* ECF No. 2 at 3.) Though he claims significant expenses, including $300 per month in alimony or other support payments (*id.* at 4), the Court takes judicial notice that his annual income far exceeds the federal poverty guidelines for a household of one or two (if he is married). *See https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines*.

Mr. Chavakula claims that the “[b]rokerage is actually about minus $180,000.00, so I can’t withdraw” (*id.*), but he does not reconcile that with the $65,000 he reports. And according to his own public filings, he received $100,000 in the March 2025 settlement (*see* ECF No. 1 ¶¶ 8–9; ECF No. 8 at 9–10). His IFP Application does not reveal what became of it.

Mr. Chavakula’s finances might be strained, but the Court cannot conclude that paying this action’s filing fee would cause him undue hardship or deprive him of life’s necessities. It is his burden to show that he qualifies for IFP status, *see* 28 U.S.C. § 1915(a)(1), and he has not done so. The Court therefore denies the IFP Application. For this action to proceed, Mr. Chavakula must pay the $405.00 filing fee by **November 9, 2026**. If he does not, the Court will recommend dismissing this action without prejudice for failure to prosecute it. *See* Fed. R. Civ. P. 41(b).

The Amended Complaint also presents issues that need to be addressed. It is well established that an amended complaint “‘supersedes’” the original, such that “[t]he ‘original pleading no longer performs any function in the case.’” *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (quoting civil-procedure treatise); *see also, e.g.*, *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (citing *Washer v. Bullitt Cnty.*, 110 U.S. 558, 562 (1884)). Thus, under this District’s Local Rules, an amended pleading generally “must be complete in itself and must not incorporate by reference any prior pleading.” D. Minn. LR 15.1(a).

On its face, the Amended Complaint is not “complete in itself.” By its own account, it purports to “supplement[] and expand[] Plaintiff's original Complaint.” (ECF No. 12 at 3.) For example, it drops the original Complaint’s detailed allegations of improper continued use of the PraiseLive name. (*See* ECF No. 1 ¶ 13(c)–(h).) But it still asserts a failure “to cease all use of the PRAISELIVE mark.” (ECF No. 12 at 8–9.) The new pleading also omits the original pleading’s specific-performance claim without explaining whether Mr. Chavakula means to abandon it.

(*Compare* ECF No. 1 ¶¶ 20–22 *with* ECF No. 12 at 8–13.) It further relies on an "Exhibit O" that is not attached to it (and was filed with the original Complaint instead). (*See* ECF No. 12 ¶ 11; ECF No. 1-3 at 21–23.) And it ends with a "Supplemental Evidence Update" that Mr. Chavakula suggests is "Incorporated by Reference." (ECF No. 12 at 15–16.)

Making matters worse, Mr. Chavakula has tried to revise his pleadings further with "notices." One such notice purports to correct the original Complaint (*see* ECF No. 8 at 9); another adds numbered findings and asks the Court to "[a]uthorize the Amended Complaint" (ECF No. 15 at 7–16, 19). As a result, the Court cannot tell (nor could any Defendant) exactly what Mr. Chavakula's operative allegations and claims are. That makes it all but impossible for any Defendant to fairly "admit or deny the allegations asserted against it." Fed. R. Civ. P. 8(b)(1)(B). In any event, under the Federal Rules of Civil Procedure, notices are not pleadings, *see* Fed. R. Civ. P. 7(a), and they cannot amend or supplement the Complaint. *See* Fed. R. Civ. P. 15(a), (d).

The Court recognizes that Mr. Chavakula's *pro se* filings are "'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also, e.g.*, *Olsen as Tr. for Xurex, Inc. v. Di Mase*, 24 F.4th 1197, 1202 (8th Cir. 2022) (quoting *Erickson*). Nevertheless, "*pro se* litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam) (citing *Faretta v. California*, 422 U.S. 806, 834–35 n.46 (1975)); *Morrison v. Rose*, No. 26-cv-1553 (ECT/DJF), 2026 WL 2687270, at *2 (D. Minn. Sept. 14, 2026) (quoting *Burgs*). The Court will not assemble a pleading from pieces of various filings.

The Court therefore strikes the Amended Complaint under Local Rule 1.3 and the Court's inherent authority to manage its docket. *See, e.g.*, D. Minn. LR 1.3; *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citing cases). The original Complaint remains the operative pleading. And because

the original Complaint names only CHBI and PBI as defendants, DEWI11 is not currently a party to this action.[2]

However, the Court will provide Mr. Chavakula an opportunity to correct the deficiencies in his pleading: Mr. Chavakula may file an amended complaint by **November 9, 2026**. If he does not do so, then this action will proceed on the original Complaint alone. Any amended complaint that Mr. Chavakula submits must be complete in itself. It should name every defendant, allege every fact, and assert every claim on which Mr. Chavakula means to proceed, in plain terms and numbered paragraphs, without relying on any other filing. *See, e.g.*, D. Minn. LR 15.1(a); Fed. R. Civ. P. 8(a)(2), 10(a)–(b). It should also identify which claims are asserted against which Defendants and omit motions, legal argument, and lengthy evidentiary submissions.

This leads to three points about service. First, because DEWI11 is not currently a party, the Service Motion, which seeks leave to serve DEWI11 through WhatsApp, Telegram, and other electronic means (*see* ECF No. 28 at 5–6), is moot. The Court therefore denies the Service Motion without prejudice to Mr. Chavakula renewing the request if he files a proper amended complaint naming DEWI11.[3]

Second, because Mr. Chavakula is not proceeding IFP, he is responsible for service on CHBI and PBI. *See* Fed. R. Civ. P. 4(c)(1), (3); D. Minn. LR 4.1. After he pays this action's filing fee, he can present summonses to the Clerk of Court for issuance. Unless service is waived, a nonparty who is at least 18 years old must serve each Defendant with a summons and the operative

---

[2] Given these rulings, the Court does not now consider whether any of Mr. Chavakula's claims are adequately pleaded, *see* 28 U.S.C. § 1915(e)(2)(B), or whether the Court could exercise personal jurisdiction over DEWI11.

[3] Because the Court denies Mr. Chavakula's IFP Application, he will be responsible for serving DEWI11 if DEWI11 is properly added in an amended pleading.

complaint, and Mr. Chavakula will need to file proof of service. *See* Fed. R. Civ. P. 4(b), (c)(1)–(2), (d), (l)(1).

Third, the 90-day service deadline set by Federal Rule of Civil Procedure 4(m) expired on September 15, 2026. However, the Court finds good cause exists to extend it, because the Clerk's Office did not issue any summonses while Mr. Chavakula's IFP Application was pending. (*See, e.g.*, ECF Nos. 29 at 1, 4; ECF No. 30 at 1; ECF No. 41 at 1.) The Court thus extends the deadline for Mr. Chavakula to serve CHBI and PBI to **January 7, 2027**. The Court may recommend dismissing any Defendant who is not served by the new deadline. *See* Fed. R. Civ. P. 4(m).

Finally, the Court is compelled to address Mr. Chavakula's prolific use of artificial intelligence. Mr. Chavakula acknowledges using "AI-assisted drafting tools" to prepare filings. (ECF No. 26 at 1.) This is permissible. Under this District's guidance, however, litigants who use such tools remain "ultimately responsible for the accuracy and sufficiency of the resulting work product." U.S. Dist. Ct., D. Minn., *GenAI FAQ* (Oct. 1, 2025), *available at* https://www.mnd.uscourts.gov/sites/mnd/files/GenAI_FAQ.pdf. In addition, under Federal Rule of Civil Procedure 11, even the signature of an "unrepresented party" certifies that, after a reasonable inquiry, a filing's legal contentions are "warranted" and its factual contentions "have evidentiary support." Fed. R. Civ. P. 11(b)(2)–(3); *see also, e.g.*, *Turnage v. Associated Bank, N.A.*, No. 25-cv-3004 (ECT/DTS), 2025 WL 3052638, at *3 (D. Minn. Sept. 12, 2025) ("There is no *pro se* exception to Rule 11(b)."), *aff'd*, No. 25-3092, 2025 WL 4694563, at *1 (8th Cir. Nov. 25, 2025). "[A]ll litigants—represented and unrepresented—must read their filings and take reasonable care to avoid misrepresentations, factual and legal." *Jones v. Kankakee Cnty. Sheriff's Dep't*, 164 F.4th 967, 970 (7th Cir. 2026). Using artificial intelligence does not excuse these requirements.

Mr. Chavakula's filings indicate that he is relying too heavily on AI tools. For instance, the Amended Complaint alleges "nine separate rotating destinations" but then only lists eight. (ECF No. 12 ¶ 12.) It also asserts that DEWI11 is "to be served pursuant to the Hague Service Convention" (*id.* at 2), but then the Service Motion calls that very process "inapplicable" (ECF No. 28 at 3). The Service Motion argues for "email service," yet does not identify any email address for DEWI11. (ECF No. 28 at 1, 4–7.) And Mr. Chavakula has already conceded that his filings "incorrectly cited" a Supreme Court decision for a proposition it does not support. (ECF No. 26 at 3.) Problems like these make filings hard to follow and unacceptably consume the Court's limited resources.

The Court has already cautioned Mr. Chavakula, both about citing "hallucinated" authorities and supplementing motions without leave. (*See* ECF Nos. 11, 31.) It now warns him that he (not any AI tool) is ultimately responsible for any document he files. Before filing a document, Mr. Chavakula must read it and make sure that its factual statements are accurate and that its authorities exist and support his contentions. Citing hallucinated authorities may result in an order striking the filing without leave to amend it. In addition, Mr. Chavakula may not file "notices," "supplements," or similar documents that purport to add to or revise earlier filings without prior permission from the Court to do so. And generally speaking, he should file fewer documents that are themselves shorter and clearer than those filed to date. The Court does not suggest Mr. Chavakula has acted in bad faith. But it may strike or disregard future filings that violate the Federal Rules of Civil Procedure, this District's Local Rules, or the Court's orders—and if necessary, it may impose other sanctions, including filing restrictions in this action. *See* Fed. R. Civ. P. 11(c); D. Minn. LR 1.3.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Anand Kumar Chavakula's Application to Proceed *In Forma Pauperis* (ECF No. 2) is **DENIED**.

2. Mr. Chavakula must pay this action's $405.00 filing fee by **November 9, 2026**, failing which the Court will recommend dismissing this action without prejudice for failure to prosecute.

3. Mr. Chavakula's Amended Complaint (ECF No. 12) is **STRICKEN**, and the complaint filed at ECF No. 1 remains this action's operative pleading. The Clerk of Court is directed to terminate DEWI11 a/k/a Pria.idaman as a party.

4. Mr. Chavakula may file an amended complaint that is complete in itself and otherwise compliant with this Order by **November 9, 2026**. If he does not do so, the original Complaint (ECF No. 1) shall serve as the operative complaint.

5. Mr. Chavakula's Motion for Court-Authorized Alternative Service on Defendant DEWI11 a/k/a Pria.idaman Pursuant to Fed. R. Civ. P. 4(f)(3) (ECF No. 28) is **DENIED AS MOOT** and **WITHOUT PREJUDICE**.

6. Mr. Chavakula is responsible for serving process under Federal Rule of Civil Procedure 4. His deadline to serve CHBI and PBI is extended to **January 7, 2027**.

7. Mr. Chavakula is **WARNED**, as explained above, that he is responsible for the accuracy of every document he files, including any documents prepared with AI tools, and that noncompliant filings may be stricken and may result in sanctions, including filing restrictions in this action.

Dated: October 9, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge